UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME EUGENE KELLLY,<br><br>Petitioner,<br><br>v.<br><br>E. MEJIA,<br><br>Respondent. | Case No. 8:25-cv-02843-FWS-PD<br><br>**ORDER (1) TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AND (2) TO FILE COMPLETED DECLARATION IN SUPPORT OF REQUEST TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE** |

On December 9, 2025, Petitioner Jerome Eugene Kelly, proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, asserting two grounds for relief. [1]

---

[1] Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 275-76 (1988), a prisoner constructively files something on the day he gives it to prison authorities for forwarding to the relevant court. *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Courts presume that is the day the prisoner signs the document unless there is evidence to the contrary. *See Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended). Here, Petitioner apparently signed the Petition on December 9, 2025. The Court therefore uses that date as the Petition's constructive filing date. *See Butler*, 752 F.3d at 1178 n.1; *see also Stillman v.*

The Court orders Petitioner to show cause why the Petition should not be dismissed because, on its face, it suggests that both claims are untimely and that one of the claims is both not cognizable on federal habeas review and unexhausted.  The Court also orders Petitioner to either file a completed declaration in support of his request to proceed *in forma pauperis* or pay the appropriate filing fee.

## I.    Procedural History and Petitioner's Contentions

### A.    Trial and Direct Appeal

In July 2011, an Orange County Superior Court jury found Petitioner guilty of kidnapping, kidnapping to commit a sex offense, forcible oral copulation, and two counts of forcible sodomy.  *See Kelly v. Lizarraga*, No. 8:15-cv-00263-GW-PJW, Dkt. No. 20 at 1 (C.D. Cal. filed on Feb. 13, 2015).[2] After he was found to have been previously convicted of a strike under California's Three Strikes law, he was sentenced to 120 years to life in prison. *See id.* at 2.

Petitioner appealed, and on September 13, 2013, the California Court of Appeal modified his sentence but otherwise affirmed.  *See id.*, Dkt. No. 16-13. He sought review in the California Supreme Court, which denied review on November 26, 2013.  *See* Cal. App. Cts. Case Info., available at http://appellatecases.courtinfo.ca.gov/ (search case no. S214165) (last visited Feb. 24, 2026).

---

*LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to state habeas petitions).

[2] As related below, Petitioner has previously filed a federal habeas petition challenging his 2011 state-court convictions.  The Court takes judicial notice of that petition as well as the relevant filings and lodgments in connection with that case. *See Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012); Fed. R. Evid. 201(b).

2

### B.    Prior Federal Habeas Petition

This is not the first federal habeas petition that Petitioner has filed challenging his 2011 state-court convictions and sentence. On February 13, 2015, he filed his first one, which was denied with prejudice on its merits on January 17, 2017.  *See Kelly*, Dkt. Nos. 20, 23-24.

### C.    Subsequent State-Court Proceedings

One of the Petition's grounds for relief concerns Petitioner's sentence. More than six years after the original sentencing, the Correctional Case Records Manager sent a letter to the trial court indicating that Petitioner's abstract of judgment was incorrect.  *See* Dkt. No. 1 at 29.  On March 3, 2021, the trial court "corrected" Petitioner's sentence by ordering that he be sentenced to 100 years to life plus five years. However, no resulting abstract of judgment was ever issued.[3]  *See id.* at 30.

The Petition's other ground for relief concerns the California Racial Justice Act ("CRJA"), which became effective on January 1, 2021.  *See Rose v. Warden*, No. 2:22-cv-08155-DOC(LAL), 2023 WL 9601243, at *9 (C.D. Cal. Dec. 23. 2023).  The CRJA prohibits the state from "seek[ing] or obtain[ing] a criminal conviction or seek[ing], obtain[ing], or impos[ing] a sentence on the basis of race, ethnicity, or national origin."  Cal. Penal Code § 745(a). Although it initially applied only to convictions that were not yet final before its effective date, it was amended on January 1, 2023, to provide that, beginning on January 1, 2024, petitioners may challenge sentences regardless of when their judgments became final.  *See* Cal. Penal Code § 745(j)(3); *see also* Assemb. Bill 256, 2022 Cal. Legis. Serv. Ch. 739 § 2.

---

[3] The Court derives this information from the documents that Petitioner attached to his Petition, which the Court assumes for purposes of this order are correct.

3

In March 2024, Petitioner filed a habeas petition in superior court, alleging a CRJA violation, and on March 27, 2024, the superior court denied it.  *See* Dkt. No. 1 at 3-4.  On May 14 and May 29, 2024, he filed motions under California Penal Code section 745(d) seeking discovery to establish a potential CRJA violation, and the superior court denied both.  *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for case no. G064535) (last visited Feb. 24, 2026).  Petitioner appealed, and on September 26, 2024, the California Court of Appeal dismissed the appeal.  *See id.*

On August 21, 2024, he filed a habeas petition in the California Supreme Court, alleging violations of the CRJA and seeking discovery to support those claims.  *See* Cal. App. Cts. Case Info., available at http://appellatecases.courtinfo.ca.gov/ (search for case no. S286529) (last visited Feb. 24, 2026).  On August 27, 2025, the California Supreme Court denied the petition without prejudice, noting that it had granted review in a case that might affect the availability of discovery under the CRJA, which in turn might affect Petitioner's ability to plead such claims.[4]  *See id.*

### D.   The Instant Petition

On December 9, 2025, Petitioner constructively filed the instant Petition.  Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following two grounds for relief: (1) the prosecutor racially discriminated against Petitioner, an African American, by charging him with offenses that would not have been brought against a white

---

[4] On June 27, 2024, Petitioner filed a request for resentencing in the superior court, which denied it. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for case no. G064664) (last visited Feb. 24, 2026).  He appealed, and on October 31, 2024, the court of appeal dismissed the appeal.  *See id.*  It does not appear that those proceedings bore any relation to Petitioner's state-court CRJA-violation allegations or have any relation to his claims in this action.

4

defendant; and (2) Petitioner's sentence is improper because the trial court failed to enter an abstract of judgment after amending his sentence. *See* Dkt. No. 1 at 5-9.

## II.   Discussion

### A.   The Petition Appears Subject to Dismissal

#### 1.   Duty to Screen

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Rule 4 permits courts to dismiss claims that are "untimely," clearly not cognizable," or unexhausted. *Neiss v. Bludworth*, 114 F.4th 1038, 1041, 1045 (9th Cir. 2024) (citations omitted).

As explained below, a review of the Petition suggests that both of its claims are untimely and that its second claim is not cognizable and is unexhausted.[5]

#### 2.   The Petition Appears to Be Facially Untimely

##### a)   The Limitation Period

The AEDPA imposes a one-year period of limitation for state prisoners

---

[5] The Court does not address whether the Petition is second or successive because Petitioner's submissions – which the Court presumes to be true – indicate that the trial court entered an intervening judgment after his first federal habeas petition was denied. *See* Dkt. No. 1 at 29-30; *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (claim in second petition is not successive "if it is based on an intervening state court judgment . . . notwithstanding that the same claim . . . could have been brought in the first petition"). However, the Court makes no definitive finding on that issue. Should Petitioner's response be sufficient to discharge this order to show cause, nothing in this order precludes Respondent from arguing that the Petition is impermissibly successive.

to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year limitations period runs from the latest of the four following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).  The Ninth Circuit has held that "the judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated."  *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017).

Here, the California Supreme Court denied Petitioner's petition for review on November 26, 2013.  *See* Cal. App. Cts. Case Info., available at http://appellatecases.courtinfo.ca.gov/ (search case no. S214165) (last visited Feb. 24, 2026).  That conviction became final 90 days later, *see Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009), but his sentence was evidently amended on March 3, 2021, *see* Dkt. No. 1 at 30.  As such, he is incarcerated pursuant to the resulting judgment.  *See Marquez v. McDaniel*, 729 F. App'x 583, 584 (9th Cir. 2018) ("Where an amended or corrected judgment is entered, . . . the one-year [statute of limitations] period runs from the date of the amended judgment.").  He did not appeal, *see* Cal. App. Cts. Case Info.,

6

http://appellatecases.courtinfo.ca.gov/ (search for "Jerome" with "Eugene" and "Kelly") (last visited Feb. 24, 2026), and consequently his judgment became final 60 days later, on May 3, 2021, *see* Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of judgment); *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (state conviction and sentence become final when availability of direct appeal has been exhausted and time for filing petition for writ of certiorari has elapsed or timely filed petition has been denied).[6] The limitation period for seeking federal habeas relief, therefore, ended one year later, on May 3, 2022.  *See* § 2244(d).

Petitioner constructively filed the instant Petition over three years after that deadline, on December 9, 2025.  *See* Dkt. No. 1 at 12.  He does not contend that he is entitled to a later trigger date of the limitation period under § 2244(d)(1)(B) or (C), and no such basis is apparent to the Court.   To the contrary, Petitioner was aware of the facts underlying the Petition's first ground for relief when he was charged with the crimes leading to his convictions, *see* Dkt. No. 1 at 5-8 (alleging racial discrimination because no evidence supported the charges against him),[7] and he was aware of the facts

[6] Petitioner could not have filed a petition for writ of certiorari concerning his new sentence in the U.S. Supreme Court because he did not appeal to the highest state court.  *See* 28 U.S.C. § 1257(a); Sup. Ct. R. 13(1).

[7] Giving Petitioner every benefit of the doubt, the Court construes the Petition's first ground for relief as alleging that the prosecutor violated due process by racially discriminating against Petitioner.  *See* Dkt. No. 1 at 5-8.  To the extent it solely alleges a CRJA violation, that claim is arguably not barred by the statute of limitations but nevertheless fails because it is not cognizable on federal habeas review.  *See Whitaker v. Horn*, No. 2:25-CV-0747 TLN CSK P, 2025 WL 1807056, at *4 (E.D. Cal. July 1, 2025) (claim alleging CRJA violation was not cognizable on federal habeas review; collecting cases); *Wynn v. Foulk*, No. 20-cv-00181-SI, 2021 WL 6135325, at *4 (N.D. Cal. Dec. 29, 2021) (holding that petitioner was not entitled to relief under the CRJA because federal habeas court only has "authority to review violations of federal law, not claims arising under state statutory law"); *see also Maddox v. Andre*, No. 5:22-cv-00803-FLA-SHK, 2023 WL 3432124, at *2 n.4 (C.D. Cal. May 2, 2023) (rejecting CRJA claim asserted for first time in traverse because it

concerning his second ground for relief no later than April 6, 2021, *see id.* at 30 (reflecting that private counsel informed Petitioner on Apr. 6, 2021, that abstract of judgment concerning amended sentence had not been entered). Consequently, the present action is untimely unless he is entitled to statutory or equitable tolling of the limitation period or he shows that a fundamental miscarriage of justice would result if the Court does not address the merits of his claims.

### b) Statutory Tolling

The one-year limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the statute is tolled for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies regarding a particular post-conviction application. Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).

Here, statutory tolling does not render the Petition timely. Petitioner's sentence was amended on March 3, 2021, and he did not constructively file a state-court habeas petition until March 14, 2024, *see* Dkt. No. 1 at 3. As such, neither that petition nor any of his subsequent state-court petitions could have tolled the limitation period because it had already expired. *See Ferguson*

---

was unexhausted and noting that "exhaustion would be futile because only a state-law error is alleged"), *accepted by* 2023 WL 5409744 (C.D. Cal. Aug. 21, 2023).

*v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

### c) Equitable Tolling

The one-year limitations period is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). To qualify, a petitioner has the burden to demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

To show "extraordinary circumstances," a petitioner must show that "the circumstances that caused his delay are both extraordinary and beyond his control" – a high threshold. *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016). In addition, a petitioner must show that the extraordinary circumstances caused the untimely filing of his habeas petition. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)); *see also Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question.'").

To demonstrate that he has been pursuing his rights diligently, a petitioner must show that he has "been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99. In other words, "when

9

[the petitioner] is free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id*. at 599.  Because Petitioner must show diligence before, during, and after extraordinary circumstances prevented him from filing, *see Smith*, 953 F.3d at 598-99, he must show diligence during the period from May 4, 2021, the day the statute of limitations began to run, *see Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that AEDPA limitation period begins running day after triggering event), to December 9, 2025, the day he constructively filed the Petition, *see* Dkt. No. 1 at 12.

Here, Petitioner has alleged no facts that could warrant equitable tolling.  Accordingly, the Petition appears to be untimely, and it can proceed only if Petitioner can make a sufficient showing that he is actually innocent under *Schlup v. Delo*, 513 U.S. 298 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

### d)    Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [despite] the impediment [of]  . . . expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386; *see also Lee v. Lampert*, 653 F.3d 929, 934–37 (9th Cir. 2011) (en banc).  But "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386.  The *Schlup* standard is "demanding" and "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).  The evidence of actual innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

In particular, the petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory

10

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" – showing that "a constitutional violation has probably resulted in [his] conviction." *Id.* at 324, 327 (citation omitted) (recognizing that "[b]ecause such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful"). "New" evidence is "relevant evidence that was either excluded or unavailable at trial." *Id.* at 327-28; *Chestang v. Sisto*, 522 F. App'x 389, 391 (9th Cir. 2013) (explaining that "actual innocence claims focus on 'new' evidence – *i.e.*, 'relevant evidence that was either excluded or unavailable at trial'" (quoting *Schlup*, 513 U.S. at 327-28)). Once a petitioner presents such evidence, the habeas court must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee*, 653 F.3d at 938 (citing *House*, 547 U.S. at 538). In sum, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

Here, Petitioner has failed to show that he is actually innocent of any of the crimes underlying his current incarceration. He provides no new evidence suggesting as much. Instead, he alleges that there was insufficient evidence to support any of the charged counts and notes that some of the victims provided inconsistent testimony. *See* Dkt. No. 1 at 6. But those allegations – even if they were true – are not sufficient to meet *Schlup*'s demanding standard. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ( "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."); *Garcia v. Long*, No. ED CV 12-1201-DMG (RZ), 2012 WL 7807309, at *5 (C.D. Cal. Oct. 26, 2012) (petitioner could not show that failure to consider merits of sufficiency-of-evidence claim would result in fundamental miscarriage of justice under *Schlup* when he merely argued that "the prosecutor failed to introduce sufficient evidence to support his conviction"), *accepted by* 2013 WL

11

1247710 (C.D. Cal. Mar. 26, 2013).

Accordingly, it appears that the Petition is time-barred and should be dismissed.

### 3. The Petition's Second Ground For Relief Does Not Appear to Present a Cognizable Federal Habeas Claim

AEDPA limits federal habeas corpus relief to claims that "a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a). This means that relief is not available for errors in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

"Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process violation.'" *Nelson v. Biter,* 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (quoting *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)).

Here, Petitioner's second ground for relief does not appear to be cognizable. Although he seeks an order from the trial court "correct[ing]" his sentence, the trial court evidently has already done that. *See* Dkt. No. 1 at 30. Moreover, he does not allege that the resulting sentence is illegal or unconstitutional. Indeed, the only error that he identifies is the trial court's alleged failure to ensure that an abstract of judgment was entered reflecting the amendment to his sentence that the trial court made on March 3, 2021. *See* Dkt. No. 1 at 5, 9. This claim is not cognizable because, in California, the

judgment of conviction is the "oral pronouncement" at sentencing. *People v. Mesa*, 14 Cal. 3d 466, 472 (1975). "The 'abstract of judgment' is the clerk's official recitation of the oral judgment of conviction, which must be provided to the state prison official charged with executing the judgment." *Gonzalez*, 873 F.3d at 770 (citing Cal. Penal Code § 1213(a)). But the "abstract of judgment is not the judgment of conviction." *People v. Mitchell*, 26 Cal. 4th 181, 185 (2001). Thus, Petitioner's claim does not challenge his judgment; rather, it concerns the ministerial task of entering the abstract of judgment. Petitioner alleges no facts to show how the alleged failure to enter the abstract of judgment establishes a due process violation.

### 4. The Petition's Second Ground for Relief Appears to Be Unexhausted

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here, the Petition's second ground for relief concerning the failure to enter an abstract of judgment appears to be unexhausted. Petitioner did not allege it in the habeas petition that he filed in the superior court. *See* Dkt. No. 1 at 3-4. And a review of the California Appellate Courts website indicates that he did not allege it in any of the appeals or habeas petitions he filed in the California Court of Appeal or the California Supreme Court. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for

13

"Jerome" with "Eugene" and "Kelly") (last visited Feb. 24, 2026) (reflecting that Petitioner's appeals and habeas petitions asserted only claims concerning alleged CRJA violation as well as one petition seeking resentencing under Cal. Penal Code § 1172.1 and Assemb. Bill No. 600).

Accordingly, the claim appears to be unexhausted.

### B.   Petitioner's Declaration In Support of Request to Proceed *In Forma Pauperis*

On December 15, 2025, Petitioner filed a Declaration in Support of Request to Proceed *In Forma Pauperis*.  *See* Dkt. No. 2.  However, he did not sign or complete the entire form, instead submitting only one page of the two-page form.  *See id.*  As a result, the Court cannot determine whether granting Petitioner's request is warranted.

Accordingly, Petitioner is ORDERED to submit a fully completed form or pay the appropriate filing fee.  The Clerk is directed to provide Petitioner with the correct form along with this Order.

## III.   Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner to show cause **by no later than March 18, 2026**, as to why the Petition should not be dismissed because it is untimely, alleges a claim that is not cognizable on federal habeas review, and is partially unexhausted.

As to whether the entire Petition is timely, if Petitioner contends that he is entitled to tolling of any kind or a later start date for the limitation period, he must allege specific facts to support those contentions and provide any reasonably available supporting documentation.  If he maintains that he is actually innocent, he must allege additional specific facts beyond those in the Petition to support that contention and provide any reasonably available supporting documentation.

14

As to the Petition's second ground for relief, Petitioner must explain how the claim is cognizable and when and how he exhausted it in state court. If he contends that the Petition's second ground for relief is cognizable but unexhausted, he may file a formal stay-and-abey motion under *Rhines v. Weber*, 544 U.S. 269 (2005), if he believes he can make the required showings.[8]

The Court also orders Petitioner, by **no later than March 18, 2026**, to either submit a fully completed and signed Declaration in Support of Request to Proceed *In Forma Pauperis* or pay the appropriate filing fee of $5.00**.**

Petitioner is admonished that the Court will construe his failure to comply with this Order by March 18, 2026, as a concession on his part that the Petition should be dismissed as untimely or for failure to pay the filing fee or request to proceed *in forma pauperis.* In that event, the Court will recommend that the Petition be dismissed, either with prejudice as untimely or without prejudice for failure to pay the filing fee or request to proceed *in forma pauperis.*

IT IS SO ORDERED.

DATED:  February 25, 2026

*Patricia Donahue*

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

---

[8] Under *Rhines*, Petitioner can obtain a stay while he exhausts his state remedies if he shows the following: (1) there is good cause for his failure to earlier exhaust the claim in state court; (2) the unexhausted claim is not "plainly meritless"; and (3) he has not engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78. Preliminarily, it appears Petitioner would be unable to satisfy the first and second elements of *Rhines*, although the Court makes no definitive finding on that issue at this point.

15