UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LORI CHAVEZ-DEREMER,
    Secretary of Labor,
    United States Department of Labor,

                                Plaintiff,

        v.

PINK CACTUS CORPORATION dba
BUCKETLIST, a California corporation;
MIN JOUNG LEE SUNG, an individual;
BUCKETLIST INC, a California
corporation; and HEE JUN HWANG, an
individual,

                                Defendants.

Case No. 25-cv-00192 PA (PDx)

**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS BUCKETLIST INC AND HEE JUN HWANG**

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor, and Corporate Defendant BucketList Inc and Individual Defendant Hee Jun Hwang ("Hwang") (collectively, "the Parties") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Permanent Injunction ("Consent Judgment") as provided below.

## STATEMENTS AND AGREEMENTS BY THE PARTIES

A. On January 8, 2025, the Secretary filed her complaint against Pink Cactus Corporation and Min Joung Lee Sung. On April 8, 2025, the Secretary filed an amended complaint including as Defendants Bucketlist Inc and Hee Jun Hwang, alleging violations of Sections 7, 11, 15(a)(1)-(2) and (5), 16, and 17 of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(1)-(2) and (5), 216, and 217.

B. Pink Cactus Corporation and Min Joung Lee Sung have failed to appear,

answer, or otherwise defend against the Secretary's complaint and are in default.

C. This Consent Judgment resolves all claims in the Secretary's First Amended Complaint against Defendants Bucketlist Inc and Hee Jun Hwang only.

D. Defendants Bucketlist Inc and Hee Jun Hwang admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

E. The Secretary investigated Defendants Pink Cactus Corporation and Min Joung Lee Sung and found that they violated the FLSA by (1) failing to pay their employees overtime for all hours worked in excess of 40 hours in a workweek, in violation of Section 7 of the FLSA; (2) failing to accurately record employees' hours and pay, in violation of Section 11 of the FLSA; and (3) selling in commerce goods that were processed and/or produced by employees of Penny Management, their sewing contractor, who were not paid the minimum wage or overtime premium rate, in violation of Section 15(a)(3) of the FLSA.

F. The Secretary later investigated Defendants BucketList Inc and Hee Jun Hwang and alleged that they are successors-in-interest to Defendant Pink Cactus Corporation. Defendants BucketList Inc and Hee Jun Hwang do not admit to being successors-in-interest to Defendant Pink Cactus Corporation.

G. Via this Consent Judgment, Defendants BucketList Inc and Hee Jun Hwang are agreeing to pay a sum as a compromise of disputed claims, without any admission of liability, to compensate employees of Pink Cactus Corporation the Secretary alleged were not paid the overtime premium rate and to disgorge profits from the sale of goods processed and/or produced in conditions at Penny Management that violated Sections 6 and 7 of the FLSA. The Secretary will allocate and distribute the disgorgement profits to Penny Management's former employees.

H. Defendants BucketList Inc and Hee Jun Hwang represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

I. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

## PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants BucketList Inc and Hwang, their officers, agents, servants, employees, attorneys, entities, and all others in concert or participation with them are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the local prevailing minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and one-half times the particular employee's regular hourly rate for hours worked in excess of 40 hours in a workweek.

3. Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make,

keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction.

4.      Contrary to Section 15(a)(3) of the FLSA, engaging in any retaliatory action, such as adversely changing the terms and conditions, discharging, name-calling and threatening, or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise exercised their rights under the FLSA by, among other things, testifying or otherwise reporting information to the Secretary, or questioning whether the employer is paying the employee in compliance with prevailing law. Prohibited discriminatory and retaliatory actions include telling employees who engaged in the protected activity as listed above that communication with the Secretary will result in immigration, legal, criminal or other action against them and/or otherwise deterring employees from cooperating with or speaking to the Secretary's representatives through threats, bribes or intimidation. Other prohibited discriminatory and retaliatory actions include but are not necessarily limited to taking any of the following acts against anyone who engaged in the protected activity listed above: termination; discharge; layoffs; threats of termination, discharge or lay off; initiating an I-9 audit or otherwise reverifying the employment eligibility of an employee; reduction to employees' work schedules or wages; intimidation; failure to hire; and providing negative

references.

5.      Contrary to Section 15(a)(1) of the FLSA, transporting, offering for transportation, shipping, delivering, or selling in commerce, and/or shipping, delivering, or selling with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods that have been processed and/or produced by any employee (of Defendants or other(s)) who was not paid the minimum wage or overtime premium rate for hours worked over forty in a workweek.

6.      Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any employee or person to return or to offer to return to Defendants BucketList Inc or Hwang or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future, or other forms of monetary damages or relief, to said employee under the provisions of this Consent Judgment, or the FLSA; or accepting or receiving from any employee or person, either directly or indirectly, any money in the form of cash, check, or any other form, for wages or monetary damages heretofore or hereafter paid to the employee under the provisions of this Consent Judgment or the FLSA. Violation of this Paragraph may subject Defendants BucketList Inc and Hwang to equitable and legal damages, including punitive damages and civil contempt.

7.      Withholding payment of $7,500.00, which constitutes the back wages found to be due by the Defendants BucketList Inc and Hwang under the FLSA to the employees, who are identified by name in **Exhibit A**, which is incorporated in and made part of this Consent Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants BucketList Inc and Hwang, their agents, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, shall take the following affirmative actions:

8.      Within ten (10) days of the date of entry of this Consent Judgment, and within fourteen (14) days of any subsequent change to the information below for a period of three (3) years, Defendants BucketList Inc and Hwang shall:

   a.  provide the Secretary with the name of all business(es) they operate;

   b.  provide the Secretary with a list of all garment contractors or manufacturers that Defendants BucketList Inc and Hwang currently contract with, including business name and address;

   c.  provide the Secretary with Defendants' address, telephone number, and email address, where they agree to be contacted for purposes of communicating about and carrying out the provisions of this Consent Judgment.

9.      For a period of three (3) years beginning on the date of this Consent Judgment, Defendants BucketList Inc and Hwang must immediately notify and inform the Secretary of any change to any of the information they previously provided to the Secretary as required in Paragraph 8(a) and (c) above. Defendants BucketList Inc and Hwang shall also inform the Secretary of any changes to their contact information. Defendants BucketList Inc and Hwang shall notify the Secretary of any such changes no later than fourteen (14) business days after any such changes have taken effect.

10.      For a period of three (3) years beginning on the date of this Consent Judgment, Defendants BucketList Inc and Hwang must on a quarterly basis report to Wage and Hour Division Hot Goods and Garment Enforcement Coordinator Angel Lin (Lin.Angel@dol.gov) or her successor or designee and Wage and Hour Division Director of Enforcement Michael Eastwood (Eastwood.Michael@dol.gov) and his successor or designee to identify by name and address any new garment contractor or manufacturer that Defendants BucketList Inc and Hwang contract with.

11.      Defendants BucketList Inc and Hwang must provide the Secretary

with access to all records required to be made, kept, or preserved under Section 11 of the FLSA, including all other time, piece rate, employee, and payroll records, upon request and no later than three (3) days after such request is made.

12.     By March 25, 2026, Defendant Hee Jun Hwang shall execute the deed of trust attached hereto as **Exhibit D** to secure the payments described in Paragraph 15. This deed of trust shall be recorded against real property owned by Hee Jun Hwang, either directly or through an entity of which he is the owner and officer. This property shall not be encumbered and shall have sufficient equity to satisfy the remaining judgment amount of $161,250.00 plus interest solely to secure the payment obligations under this Consent Judgment against Defendants Hwang and Bucketlist Inc. The Secretary shall record the deed of trust attached as **Exhibit D** once signed. Defendants BucketList Inc and Hwang agree not to further encumber the property until the deed of trust is recorded. If Defendants BucketList Inc and Hwang default on their payment obligations, they shall be given 10 days' written notice to cure the default (served electronically to Defendants' counsel of record). If Defendants BucketList Inc and Hwang fail to cure their default, Defendants BucketList Inc and Hwang will cooperate with and assist the Secretary in executing on the deed of trust. Within 30 days of Defendants BucketList Inc and Hwang satisfying the payment obligations of the Consent Judgment, including any interest or penalties for paying the amount due late, the Secretary will provide Defendants BucketList Inc and Hwang with a deed of reconveyance to effectuate the cancellation and removal of the deed of trust associated with this Consent Judgment. Defendants BucketList Inc and Hwang will then record the deed of reconveyance provided by the Secretary to terminate the Secretary's deed of trust.

## JUDGMENT

13.     **JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendants BucketList Inc and Hwang in the total amount of

$215,000. This total amount comprises $7,500.00 in unpaid overtime compensation to Pink Cactus Corporation employees; an additional equal amount as liquidated damages to Pink Cactus Corporation employees, pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216; and $200,000.00 in disgorgement of profits associated with revenues earned from the shipment or delivery for shipment in commerce of "hot goods" in violation of Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1).

14.    Within one (1) year of entry of this Consent Judgment, the Secretary shall file supplemental **Exhibits A** and **B** listing the amount of back wages, liquidated damages, and disgorgement paid or to be paid to employees subject to this Consent Judgment.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

15.    Defendants BucketList Inc and Hwang shall pay the monies owed above as follows: Defendants BucketList Inc and Hwang shall pay an initial payment in the amount of $53,750.00 no later than April 20, 2026. This payment shall cover part of the disgorgement amount. Defendants BucketList Inc and Hwang shall pay the remaining balance of $161,250.00 plus interest at a rate of 4%, consisting of disgorgement, back wages, and liquidated damages per the following schedule:

| PAYMENT DATE | BEGINNING BALANCE | PAYMENT | PRINCIPAL | INTEREST | TYPE OF PAYMENT |
|---|---|---|---|---|---|
| 4/20/2026 | $215,000.00 | $53,750.00 | $53,750.00 | $0.00 | Disgorgement |
| 7/20/2026 | $161,250.00 | $40,749.51 | $40,346.06 | $403.45 | Disgorgement |
| 10/20/2026 | $120,903.94 | $41,560.44 | $40,745.54 | $814.90 | Disgorgement |
| 1/20/2027 | $80,158.40 | $41,479.24 | $40,271.13 | $1,208.11 | Disgorgement |
| 4/20/2027 | $39,887.27 | $41,482.77 | $39,887.27 | $1,595.50 | Disgorgement, Back Wages, and LDs |

16. Defendants BucketList Inc and Hwang will comply with Paragraph 13 of this judgment by making payments as described in **Exhibit C.** Defendants BucketList Inc and Hwang may pay without penalty all or a portion of the amount owed earlier than it is due.

17. To accomplish the requirements of Paragraph 15, Defendants shall:

a. Deliver a check or money order to each person named in the attached **Exhibit A** according to the schedule set forth in **Exhibit C**, for the full amount listed as payable on each date in **Exhibit C,** less the amounts of legal deductions for payroll and withholding taxes thereon (that Defendants shall pay directly to the federal and state agencies entitled thereto when due).

b. Issue a check or money order in the name of each person named in the attached **Exhibit B** according to the schedule set forth in **Exhibit C**, for the full amount listed as payable on each date in **Exhibit C.** Defendants BucketList Inc and Hwang shall deliver the checks or money orders issued pursuant to this subsection to the Wage and Hour Division on or before the due date listed in **Exhibit C** so the Wage and Hour Division may distribute those checks or money orders.

c. Within thirty (30) days of each payment made pursuant to Paragraph 17(a), deliver to the Wage and Hour Division evidence of payment to each person paid according to the attached **Exhibit C**, including any and all signed Wage and Hour Division Receipt for Payment of Back Wages, Employment Benefits, or Other Compensation Form WH-58 receipt forms or copies of canceled checks the Defendants have received at that time.

d. Within ninety (90) days after each payment due date pursuant to **Exhibit C**, the U.S. Wage and Hour Division will provide Defendants BucketList Inc and Hwang with a list of all employees who could not be

located or who refused to accept any payment made according to **Exhibit C**. Within fourteen (14) days of receiving any list pursuant to this subsection from the Wage and Hour Division, Defendants BucketList and Hwang shall deliver to the U.S. Wage and Hour Division payment to cover the total amount due to all employees listed in **Exhibit C** to be paid on that date who could not be located or who refused payment. Defendants shall make this payment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payments shall reference BW Case Number #2002141.

18.    In the event of any default in the timely making of any payment due hereunder, the full judgment amount, which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of Defendants' default until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last available addresses of Defendants then known to the Secretary with electronic copies also concurrently e-served on Defendants or, if applicable, their counsel. Upon the Secretary's request, the Court will issue an amended judgment reflecting the amounts due based on Defendant's default.

**FURTHER, IT IS HEREBY ORDERED THAT**

19.    The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached **Exhibits A and B**, nor as to any employee named on the attached **Exhibits A and B** for any period not specified therein, nor as to any employer other than Defendants Bucket List Inc and Hee Jun Hwang.

20.    Defendants Bucket List Inc and Hee Jun Hwang hereby waive any

and all claims and defenses against the Secretary and her representatives that they could have brought as of the date of the entry of the Consent Judgment, and agree not to appeal entry of this Consent Judgment and Permanent Injunction.

21.     Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

22.     The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED

Dated:  March 19, 2026

_____
PERCY ANDERSON
United States District Judge

For Defendants, BucketList Inc and Hee Jun Hwang


_____          DATE:   3/18/2026
Hee Jun Hwang
Owner and Chief Executive Officer, BucketList Inc


_____          DATE:   3/18/2026
Hee Jun Hwang
Individually


_____          DATE:    3/18/2026
Edward Chong
Law Offices of Edward Chong
Attorney for Defendants BucketList Inc and Hee Jun Hwang

For the Plaintiff, Secretary of Labor,
United States Department of Labor

JONATHAN BERRY
Solicitor of Labor
MARC A. PILOTIN
Regional Solicitor
ANDREW SCHULTZ
Counsel for Wage and Hour
SIMON D. JACOBS
Trial Attorney


*/s/ Karina Wegman-Schaaff*
KARINA WEGMAN-SCHAAFF                    DATE:  3/18/2026
Senior Trial Attorney

## Exhibit A

| Employee | Back Wages | Liquidated Damages | Interest | Total |
|---|---|---|---|---|
| Estrada, Maria | $1,500.00 | $1,500.00 | $120.00 | $3,120.00 |
| Gonzalez, Edwin | $1,500.00 | $1,500.00 | $120.00 | $3,120.00 |
| Hernandez, Julio | $1,500.00 | $1,500.00 | $120.00 | $3,120.00 |
| Itzep, Gustavo | $1,500.00 | $1,500.00 | $120.00 | $3,120.00 |
| Mendoza, Agustin | $1,500.00 | $1,500.00 | $120.00 | $3,120.00 |

## Exhibit B

| Employee | Principal | Interest | Total |
|---|---|---|---|
| Bruno Najera, Jose Miguel | $7,362.25 | $163.35 | $7,525.60 |
| Cenobio, Adriana | $10,387.68 | $153.65 | $10,541.33 |
| Cruz, Agustin | $3,996.51 | $118.23 | $4,114.74 |
| Gonzalez, Maidelin | $9,790.91 | $144.83 | $9,935.74 |
| Gonzalez, Maira | $3,956.41 | $117.05 | $4,073.46 |
| Gonzalez, Miriam | $3,558.04 | $105.26 | $3,663.30 |
| Guevara, Miriam | $2,442.17 | $36.12 | $2,478.29 |
| Hernandez, Edgar | $7,388.83 | $163.94 | $7,552.77 |
| Hernandez, Sara | $2,800.09 | $82.84 | $2,882.93 |
| Itzep, Nelson | $10,749.15 | $79.50 | $10,828.65 |
| Lopez, Miguel | $7,021.17 | $155.78 | $7,176.95 |
| Medina, Aracely | $11,776.22 | $174.19 | $11,950.41 |
| Mejia, Juan | $9,437.30 | $209.39 | $9,646.69 |
| Mevin, Mariza | $10,966.23 | $162.21 | $11,128.44 |
| Muñoz, Maria | $1,074.99 | $0.00 | $1,074.99 |
| N/A, Alex | $3,538.71 | $104.69 | $3,643.40 |
| N/A, Emilia | $3,591.17 | $106.24 | $3,697.41 |
| N/A, Juana | $333.00 | $0.00 | $333.00 |
| N/A, Oscar | $202.11 | $0.00 | $202.11 |
| N/A, Pedro | $1,536.51 | $11.36 | $1,547.87 |
| Ortega, Daisy | $157.12 | $0.00 | $157.12 |
| Perez, Juan Pedro | $5,532.43 | $122.75 | $5,655.18 |
| Perez, Sandra | $4,478.04 | $132.48 | $4,610.52 |
| Perez, Virelda | $3,505.85 | $103.72 | $3,609.57 |
| Ramos, Hector | $9,728.46 | $143.90 | $9,872.36 |

| | | | |
|---|---|---|---|
| Reyes, Hugo | $345.99 | $0.00 | $345.99 |
| Sanchez, Elias | $15,058.11 | $111.37 | $15,169.48 |
| Sanchez, Sebastian | $13,528.08 | $100.05 | $13,628.13 |
| Santillan, Maria Veronica | $13,679.68 | $101.17 | $13,780.85 |
| Serrano, Celerina | $8,692.36 | $192.86 | $8,885.22 |
| Unknown, Maria | $4,225.05 | $124.99 | $4,350.04 |
| Unknown, Mario | $143.48 | $0.00 | $143.48 |
| Zun Rong, Liu | $9,015.90 | $200.04 | $9,215.94 |

## Exhibit C

**Employer Name: BucketList Inc**
**Case No.: 2002141**

| | |
|---|---|
| Total Amount Due | $215,000.00 |
| Period in Months | 12 |
| Start Date of Payments | 4/20/2026 |
| Total Number of Payments | 5 |

| Due Date | First Name | Last Name | Back Wages | Liquidated Damages | Disgorgement | Interest | Total Payment Due |
|---|---|---|---|---|---|---|---|
| **Payment 1** | | | | | | | |
| 4/20/2026 | Jose Miguel | Bruno Najera | | | $1,917.17 | $0.00 | $1,917.17 |
| | Adriana | Cenobio | | | $2,705.00 | $0.00 | $2,705.00 |
| | Agustin | Cruz | | | $1,040.71 | $0.00 | $1,040.71 |
| | Maidelin | Gonzalez | | | $2,549.60 | $0.00 | $2,549.60 |
| | Maira | Gonzalez | | | $1,030.27 | $0.00 | $1,030.27 |
| | Miriam | Gonzalez | | | $926.53 | $0.00 | $926.53 |
| | Miriam | Guevara | | | $635.95 | $0.00 | $635.95 |
| | Edgar | Hernandez | | | $1,924.09 | $0.00 | $1,924.09 |
| | Sara | Hernandez | | | $729.17 | $0.00 | $729.17 |
| | Nelson | Itzep | | | $2,799.13 | $0.00 | $2,799.13 |
| | Miguel | Lopez | | | $1,828.35 | $0.00 | $1,828.35 |
| | Aracely | Medina | | | $3,066.58 | $0.00 | $3,066.58 |
| | Juan | Mejia | | | $2,457.52 | $0.00 | $2,457.52 |
| | Mariza | Mevin | | | $2,855.66 | $0.00 | $2,855.66 |
| | Maria | Muñoz | | | $1,074.99 | $0.00 | $1,074.99 |
| | Alex | N/A | | | $921.50 | $0.00 | $921.50 |
| | Emilia | N/A | | | $935.16 | $0.00 | $935.16 |
| | Juana | N/A | | | $333.00 | $0.00 | $333.00 |
| | Oscar | N/A | | | $202.11 | $0.00 | $202.11 |
| | Pedro | N/A | | | $400.11 | $0.00 | $400.11 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Daisy | Ortega | | | $157.12 | $0.00 | $157.12 |
| Juan Pedro | Perez | | | $1,440.67 | $0.00 | $1,440.67 |
| Sandra | Perez | | | $1,166.10 | $0.00 | $1,166.10 |
| Virelda | Perez | | | $912.94 | $0.00 | $912.94 |
| Hector | Ramos | | | $2,533.34 | $0.00 | $2,533.34 |
| Hugo | Reyes | | | $345.99 | $0.00 | $345.99 |
| Elias | Sanchez | | | $3,921.20 | $0.00 | $3,921.20 |
| Sebastian | Sanchez | | | $3,522.78 | $0.00 | $3,522.78 |
| Maria Veronica | Santillan | | | $3,562.25 | $0.00 | $3,562.25 |
| Celerina | Serrano | | | $2,263.53 | $0.00 | $2,263.53 |
| Maria | Unknown | | | $1,100.22 | $0.00 | $1,100.22 |
| Mario | Unknown | | | $143.48 | $0.00 | $143.48 |
| Liu | Zun Rong | | | $2,347.78 | $0.00 | $2,347.78 |
| | | | **Subtotal** | **$53,750.00** | **$0.00** | **$53,750.00** |
| **Payment 2** | | | | | | |
| 7/20/2026 | Elias | Sanchez | | $11,136.91 | $111.37 | $11,248.28 |
| | Maria Veronica | Santillan | | $10,117.43 | $101.17 | $10,218.60 |
| | Sebastian | Sanchez | | $10,005.30 | $100.05 | $10,105.35 |
| | Nelson | Itzep | | $7,950.02 | $79.50 | $8,029.52 |
| | Pedro | N/A | | $1,136.40 | $11.36 | $1,147.76 |
| | | | **Subtotal** | **$40,346.06** | **$403.45** | **$40,749.51** |
| **Payment 3** | | | | | | |
| 10/20/2026 | Aracely | Medina | | $8,709.64 | $174.19 | $8,883.83 |
| | Mariza | Mevin | | $8,110.57 | $162.21 | $8,272.78 |
| | Adriana | Cenobio | | $7,682.68 | $153.65 | $7,836.33 |
| | Maidelin | Gonzalez | | $7,241.31 | $144.83 | $7,386.14 |
| | Hector | Ramos | | $7,195.12 | $143.90 | $7,339.02 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Miriam | Guevara | | | $1,806.22 | $36.12 | $1,842.34 |
| | | | **Subtotal** | **$40,745.54** | **$814.90** | **$41,560.44** |
| **Payment 4** | | | | | | |
| 1/20/2027 | Juan | Mejia | | | $6,979.78 | $209.39 | $7,189.17 |
| | Liu | Zun Rong | | | $6,668.12 | $200.04 | $6,868.16 |
| | Celerina | Serrano | | | $6,428.83 | $192.86 | $6,621.69 |
| | Edgar | Hernandez | | | $5,464.74 | $163.94 | $5,628.68 |
| | Jose Miguel | Bruno Najera | | | $5,445.08 | $163.35 | $5,608.43 |
| | Miguel | Lopez | | | $5,192.82 | $155.78 | $5,348.60 |
| | Juan Pedro | Perez | | | $4,091.76 | $122.75 | $4,214.51 |
| | | | **Subtotal** | **$40,271.13** | **$1,208.11** | **$41,479.24** |
| **Payment 5** | | | | | | |
| 4/20/2027 | Sandra | Perez | | | $3,311.94 | $132.48 | $3,444.42 |
| | Maria | Unknown | | | $3,124.83 | $124.99 | $3,249.82 |
| | Agustin | Cruz | | | $2,955.80 | $118.23 | $3,074.03 |
| | Maira | Gonzalez | | | $2,926.14 | $117.05 | $3,043.19 |
| | Emilia | N/A | | | $2,656.01 | $106.24 | $2,762.25 |
| | Miriam | Gonzalez | | | $2,631.51 | $105.26 | $2,736.77 |
| | Alex | N/A | | | $2,617.21 | $104.69 | $2,721.90 |
| | Virelda | Perez | | | $2,592.91 | $103.72 | $2,696.63 |
| | Sara | Hernandez | | | $2,070.92 | $82.84 | $2,153.76 |
| | Maria | Estrada | $1,500.00 | $1,500.00 | | $120.00 | $3,120.00 |
| | Edwin | Gonzalez | $1,500.00 | $1,500.00 | | $120.00 | $3,120.00 |
| | Julio | Hernandez | $1,500.00 | $1,500.00 | | $120.00 | $3,120.00 |
| | Gustavo | Itzep | $1,500.00 | $1,500.00 | | $120.00 | $3,120.00 |
| | Agustin | Mendoza | $1,500.00 | $1,500.00 | | $120.00 | $3,120.00 |
| | | | **Subtotal** | **$39,887.27** | **$1,595.50** | **$41,482.77** |

**Exhibit D**

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Karina Wegman-Schaaff, Senior Trial Attorney
909 1st Ave, Suite 230
Seattle, WA 98104

WHEN RECORDED MAIL TO:
United States Department of Labor
Office of the Solicitor
Attn: Karina Wegman-Schaaff, Senior Trial Attorney
909 1st Ave, Suite 230
Seattle, WA 98104

*DeRemer* v. *Pink Cactus Corp., et al.*
Civil Case No. 25-cv-00192-PA (PDx)

# DEED OF TRUST

This Deed of Trust, made this ____ day of March, 2026, between HEEJUN HWANG, herein called TRUSTOR, whose address is 1100 Wilshire Blvd #3003, Los Angeles, CA 90017, and Chicago Title, an Illinois Corporation, herein called TRUSTEE, and UNITED STATES DEPARTMENT OF LABOR, herein called BENEFICIARY.

Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

ATTACHED HERETO AS EXHIBIT A, excluding paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits,

For the Purpose of Securing payment in the sum of $161,250.00 per the Consent Judgment filed in *DeRemer* v. *Pink Cactus Corp., et al*, Case No. 25-cv-00192-PA (PDx) (C.D. Cal.), with interest thereon according to the terms of said Consent Judgment herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof.

To Protect the Security of This Deed of Trust, Trustor Agrees:  By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, excluding (10), of the fictitious deed of trust recorded in Los Angeles County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego | | | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | !51 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 29 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 | | | |

(which provisions identical in all counties, are printed on Exhibit A attached to this form) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that said Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address herein before set forth.

_____          _____
Signature of HEEJUN HWANG, TRUSTOR                                      Date

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California         )
County of _____ )

On _____ before me, _____,
                                                  NAME                         TITLE

personally appeared _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

# EXHIBIT A

**Order No.:**   112310653

**For APN/Parcel ID(s):  5143-029-156**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

AN UNDIVIDED 1/228TH INTEREST IN AND TO LOT 2 COMMON ELEMENT (AS DEFINED IN THE "DECLARATION" HEREIN DEFINED BELOW) OF TRACT NO. 60706, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1306, PAGES 59 THROUGH 81 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ALSO EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PARCEL OF PROPERTY HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID PROPERTY OR ANY OTHER PROPERTY, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM PROPERTIES OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY HEREINABOVE DESCRIBED, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER FIVE HUNDRED FEET (500') OF THE SUBSURFACE OF THE PROPERTY HEREINABOVE DESCRIBED.

PARCEL 2:

UNIT NO. 3003 AS SHOWN AND DEFINED ON THAT CERTAIN AMENDED AND RESTATED CONDOMINIUM PLAN RECORDED ON SEPTEMBER 7, 2006, AS INSTRUMENT NO. 2006-1994433 IN THE OFFICE OF THE LOS ANGELES COUNTY RECORDER ("CONDOMINIUM PLAN").

PARCEL 3:

AN EXCLUSIVE USE EASEMENT FOR PARKING PURPOSES TO BE APPURTENANT TO PARCELS 1 AND 2 ABOVE, IN AND TO THOSE PORTIONS OF THE RESIDENTIAL GARAGE (AS

## EXHIBIT A
(continued)

DEFINED IN THE DECLARATION) CONSISTING OF RESERVED PARKING SPACE P-** AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN. [NOTE: THIS IS ONLY FOR RESERVED PARKING SPACES.]

PARCEL 4:

AN EXCLUSIVE USE EASEMENT FOR STORAGE PURPOSES TO BE APPURTENANT TO PARCELS 1 AND 2 ABOVE, IN AND TO STORAGE AREA S-** AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN.

PARCEL 5:

ALL USE RIGHTS AND EASEMENTS SPECIFIED AS EXISTING IN OR GRANTED TO AN "OWNER" OR AN OWNER OF A "RESIDENTIAL CONDOMINIUM" OR "RESIDENTIAL UNIT" IN THAT CERTAIN AMENDED AND RESTATED DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS (1100 WILSHIRE) RECORDED ON SEPTEMBER 8, 2006 AS INSTRUMENT NO. 2006-2004597, OFFICIAL RECORDS OF LOS ANGELES COUNTY, CALIFORNIA (THE "DECLARATION").

PARCEL 6:

THE NON-EXCLUSIVE RIGHT, TOGETHER WITH ALL OTHER OWNERS OF "RESIDENTIAL UNITS" (AS DEFINED IN THE DECLARATION) OF USE AND ENJOYMENT OF IN THE RESIDENTIAL COMMON AREA (AS DEFINED IN THE DECLARATION).

PARCEL 7:

THE NON-EXCLUSIVE RIGHTS, TOGETHER WITH ALL OWNERS OF RESIDENTIAL UNITS OR COMMERCIAL LETS (AS DEFINED IN THE DECLARATION) OF USE AND ENJOYMENT OF THE GENERAL COMMON AREA (AS DEFINED IN THE DECLARATION).

# DO NOT RECORD THIS PAGE

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.

Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4) To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deed necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance. The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary doe not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8) That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The guarantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, an without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

_____          _____

Signature of HEEJUN HWANG,                    Date
Trustor